UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OCIE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:06-CV-390 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Ocie White brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On September 25, 2007, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 24.) White filed a motion and a supplemental motion to recover attorney fees in the amount of $5,719.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 26, 34.) The Commissioner, however, opposes White's fee request, arguing that its litigation position was "substantially justified." (Docket # 29.) For the reasons set forth herein, White's motion will be DENIED.

**I. LEGAL STANDARD**

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In its Order, the Court reversed and remanded the Commissioner's decision, concluding that the ALJ erred in assessing White's symptom testimony and failed to adequately address the opinion of White's treating physiatrist, Dr. Zolman. (Order 18-25.) The Commissioner, however, argues that it was substantially justified in defending the ALJ's decision to discount the credibility of White's complaints of debilitating hand and visual deficits, contending that the

2

"overwhelming majority of exams revealed normal upper extremity and grip strength," and that Dr. Braunlin, White's ophthalmologist, stated that White could work despite his vision problems. (Def.'s Resp. to Pl.'s Mot. for an Award of Atty's Fees Pursuant to the Equal Access to Justice Act 2-4.)  The Commissioner further asserts that its defense of the ALJ's rejection of Dr. Zolman's restrictions was substantially justified, given "Dr. Zolman's own examination findings, the lack of consistency between Dr. Zolman's opinion [and] . . . White's daily activities, and the fact that Dr. Zolman changed his opinion without a corresponding change in . . . White's condition . . . ." (*Id*. 4-5.)  The Commissioner's arguments are ultimately persuasive.

    First, though the Court did determine that the ALJ's reasons for discounting White's credibility were inadequately articulated and based upon a selective review of the evidence (Order 19-22), the ALJ did indeed engage in a credibility analysis, discussing various factors articulated in Social Security Ruling 96-7p, such as the objective medical evidence and White's treatment history.[1]  As a result, the ALJ's credibility determination in this instance is more analogous to that addressed in *Cunningham*, 440 F.3d at 865, in which the Seventh Circuit Court of Appeals concluded that the government's position regarding the ALJ's credibility determination was substantially justified "even though the ALJ was not as thorough in his analysis as he could have been," *id*., and inapposite to that in *Golembiewski*, 382 F.3d at 724, in

---

[1] More particularly, the ALJ made the following credibility determination:

> The claimant's testimony is not found to be fully credible, as it was not supported by the objective medical evidence of record, nor by his treatment history.  The claimant's allegation that a visual deficit precludes sustained full-time gainful work activity is not supported by the evidence.  Further, the claimant's testimony that he has problems with the use of his hands, which results in related limitations, is not supported by the objective medical evidence of record, or by his treatment history (Examination on April 26, 2004, reflects good distal grip strength).  Testimony that is not consistent with or supported by the medical evidence of record is not entitled to weight.

(Tr. 32.)

which the Court of Appeals found that the Commissioner's position was not substantially justified because the "the ALJ's decision contained *no* discussion of credibility," *id.* (emphasis added). *See also Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("[Given that] the level of articulation required is far from precise," the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").

Furthermore, while this Court disagrees with the Commissioner's assertion that an "overwhelming majority" of the evidence of record indicates that White has normal upper extremity and grip strength, some of the evidence of record does indeed suggest that White does not have upper extremity deficits (*see* Order 19), which suggests that the Commissioner's defense of the ALJ's conclusion to discount White's complaints of upper extremity deficits was reasonable. *See generally Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ."); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified."). Moreover, as the Court acknowledged in its Order, the ALJ's observation that the record lacks documentation of a visual deficit that precludes full-time work was an accurate one (*see* Order 21 n.9); thus, the Commissioner was reasonable in defending the ALJ's decision to discount White's visual complaints.

Considering the foregoing, the Commissioner has effectively carried its burden of establishing that its position was substantially justified with respect to the ALJ's credibility determination. *See Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.  Therefore,

4

the Commissioner has succeeded with respect to the first of its two arguments.

As to the Commissioner's defense of the ALJ's rejection of Dr. Zolman's restrictions, it too appears substantially justified. To explain, while the ALJ failed to mention the permanent restrictions imposed on White by Dr. Zolman, the ALJ did discuss the results of the functional capacity evaluation upon which Dr. Zolman stated that his opinion was based. (*See* Tr. 32, 770.) Moreover, the ALJ expressly mentioned Dr. Zolman's opinion in his decision, noting that White visited him at least twice and that Dr. Zolman did not believe that White's limitations affected his daily living activities (Tr. 33); thus, this is not a case where the ALJ *totally failed to mention* any records of Dr. Zolman. *Cf. Golembiewski*, 382 F.3d at 724 (awarding attorney fees where the ALJ's decision included *no discussion* of the claimant's credibility).

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). In this case, judging the totality of the circumstances is rather straightforward, as both of the arguments advanced by the Commissioner in defense of the ALJ's decision that were discussed in the Order were seemingly "substantially justified" in their own right.[2] *See generally Purvis v. Barnhart*,

---

[2] White raised two additional arguments in his appeal – that the ALJ improperly evaluated the opinion of Dr. Coats, his treating family practitioner, and that the ALJ failed to properly consider whether White met Listing 12.05C, the listing for mental retardation. (Opening Br. of Pl. in Social Security Appeal Pursuant to L.R. 7.3 17-22.) Because a remand was warranted on the arguments discussed herein (that is, credibility and Dr. Zolman's opinion), the Court did not need to reach the two additional arguments. White contends in his reply brief, however, that if the Court concludes that the Commissioner was substantially justified in defending the ALJ's decision on White's

5

No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) ("In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees.  If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.").

In sum, the Commissioner's position as a whole was substantially justified in this case, and as a result, White's request for attorney fees will be denied.

---

credibility and Dr. Zolman's opinion, it should consider whether the Commissioner was substantially justified in defending the ALJ's decision on his two additional arguments. (*See* Pl.'s Reply on EAJA Fees 4-5.)  We have performed a cursory review of these two additional arguments and have concluded that they only strengthen our global assessment that the Commissioner's position was substantially justified.

To explain, the Commissioner's defense of the ALJ's decision to discount the opinion of Dr. Coats was also reasonable.  Dr. Coats's medical source statement is seemingly inconsistent with his other medical records, which reflect primarily "unremarkable" findings with respect to White's musculoskeletal status; thus, the ALJ's decision to discount Dr. Coats's medical source statement seems to have some support in the record. *See Smith v. Apfel*, 231 F.3d 433, 441 (7th Cir. 2000) (discounting a treating physician's opinion because, among other things, it was internally inconsistent).  Furthermore, the ALJ's inference that Dr. Coats's medical source statement was based more on White's subjective allegations is a reasonable one, considering that Dr. Coats's prior notes record essentially "unremarkable" musculoskeletal findings. *See White v. Barnhart*, 415 F.3d 654, 659 (7th Cir. 2005) (discounting a treating physician's opinion because it was based on claimant's "subjective complaints rather than accepted medical techniques"); *Stevenson v. Chater*, 105 F.3d 1151, 1155 (7th Cir. 1997) (acknowledging that an ALJ is entitled to make reasonable inferences from the evidence before him); *see generally Stephens v. Heckler*, 766 F.2d 284, 289 (7th Cir. 1985) ("The patient's regular physician may want to do a favor for a friend and client, and so the treating physician may too quickly find disability.").  Moreover, as the ALJ correctly pointed out, Dr. Coats's medical source statement articulates some opinions on issues reserved to the Commissioner, which "are never entitled to controlling weight or special significance." SSR 96-5p.

Furthermore, as to the Commissioner's defense of the ALJ's determination that White met Listing 12.05C, that too appears substantially justified.  Though the ALJ failed to mention Listing 12.05C specifically, he did expressly conclude that White demonstrated no evidence of deficits in adaptive functioning, one of the criteria necessary to satisfy Listing 12.05C, *see* 20 C.F.R. Pt. 404, Subpt P, App. 1 § 12.05, stating that White "is able to read, write, tell time, handle money, hold a driver's license, and drive an automobile." (Tr. 34.)  He further noted that White's work history indicated that he "had appropriate team skills, he displayed excellent people skills and was well liked by co-workers, he had good cleaning skills, and while he had limitations, these were secondary to physical complaints." (Tr. 34.)  Thus, the Commissioner's decision to defend the ALJ's step three determination was also reasonable. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (inferring from the ALJ's written decision that he correctly recognized the applicability of the relevant listing for nonconvulsive epilepsy though the ALJ never specifically identified it by name); *cf. Scott v. Barnhart*, 297 F.3d 589, 595-96 (7th Cir. 2002) (remanding the case where the ALJ failed to discuss or even reference the relevant listing, leaving the court "with grave reservations as to whether his factual assessment addressed adequately the criteria of the listing").

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified.  Therefore, White's motion (Docket # 26) and supplemental motion for attorney's fees (Docket # 34) are DENIED.

SO ORDERED.

Enter for February 27, 2008.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge